**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY J. BURRIOLA, | No. 12-16955 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00168-LRH-WGC |
| v. | |
| STATE OF NEVADA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Nevada state prisoner Anthony J. Burriola appeals pro se from the district

court's order dismissing his 42 U.S.C. § 1983 action alleging civil rights violations

as a sanction under its inherent powers.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion, *Doi v. Halekulani Corp.*, 276 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1131, 1140 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion by imposing terminating sanctions against Burriola after giving him notice and an opportunity to be heard because Burriola willfully and in bad faith filed an unauthorized declaration on behalf of a correctional officer purporting to admit illegal conduct against Burriola, failed to justify his actions, and tried to withdraw the declaration without recanting the false statements underlying it. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (recognizing courts' inherent power to impose sanctions, including outright dismissal, for conduct that abuses the judicial process).

We reject Burriola's contentions that defendants admitted to filing fraudulent documents in conspiring against him, that correctional officer Jenkins was "found guilty of terroristic threats" to Burriola, that the district court did not consider his objections to the magistrate judge's report and recommendation, that the magistrate judge conspired with defendants or improperly advocated the imposition of sanctions, that the imposition of sanctions denied him access to courts and due process, and that the Uniform Commercial Code and various principles of international contract law somehow authorized his conduct.

We do not address issues raised for the first time on appeal regarding the alleged denial of library services at Burriola's current prison. *See Padgett v.*

2

12-16955

*Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Burriola's "Motion for Leave to Use Original Record," filed on April 19, 2013, is granted. *See* Fed. R. App. P. 24(c).

Defendants' requests to strike portions of Burriola's opening brief and to impose further sanctions upon him, set forth in their answering brief, are denied.

**AFFIRMED.**

12-16955